**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOE T. MERAZ, | DOCKET NUMBER |
| Appellant, | DE-0841-24-0046-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: February 21, 2025 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joe T. Meraz, Tularosa, New Mexico, pro se.

Eva Ukkola and Alison Pastor, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) dismissing his reconsideration request as untimely filed. On petition for review, the appellant reargues the merits of OPM's decision regarding the proper

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

computation of his annuity payment and reiterates his request for a hearing on his appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.

Upon consideration of the appellant's arguments and review of the record evidence, we conclude that the appellant's arguments do not show error in the administrative judge's findings that the appellant's request for reconsideration was untimely filed by over 8 months and that the appellant did not show that he was not notified of the time limit to file a request for reconsideration, and was not otherwise aware of it, or that he was prevented by circumstances beyond his control from making the request within the time limit. Initial Appeal File (IAF), Tab 6, Initial Decision (ID) at 1-5; *see Cerezo v. Office of Personnel Management*, 94 M.S.P.R. 81, ¶ 7 (2003) (providing that OPM has discretion to extend the time limit for filing a request for reconsideration but only when the individual shows that he was not notified of the time limit and was not otherwise aware of it or that he was prevented by circumstances beyond his control from making the request within the time limit); 5 C.F.R. § 831.109(e)(2). Because the administrative judge correctly concluded that the appellant failed to meet his initial burden under 5 C.F.R. § 831.109(e)(2), he did not need to address whether OPM's actions were unreasonable or an abuse of discretion. *See Azarkhish v.*

*Office of Personnel Management*, 915 F.2d 675, 678 (Fed. Cir. 1990) (declining to reach the issue of whether OPM abused its discretion where the appellant did not show that she was prevented from timely filing her request for reconsideration and it was undisputed that she was aware of the time limit); *Davis v. Office of Personnel Management*, 104 M.S.P.R. 70, ¶ 7 (2006) (noting that the Board will not reach the issue of whether OPM was unreasonable or abused its discretion in denying an applicant's untimely reconsideration request if he does not make his initial showing under 5 C.F.R. § 831.109(e)(2)).  Accordingly, we vacate the administrative judge's alternative finding to this effect.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to VACATE the administrative judge's finding that the appellant failed to prove that OPM abused its discretion or acted unreasonably, we AFFIRM the initial decision.[2]

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain

---

[2] The appellant argues on review that his response to the administrative judge's close of record order should have been deemed timely received based on the fact that it was postmarked prior to the record on timeliness closing and that the administrative judge erred by failing to consider the response before issuing the initial decision. Petition for Review File, Tab 1 at 1.  Even if we were to consider the pleading, it would not warrant reaching a different result.  The additional argument and evidence the appellant provided in his close of record response concerned the merits of OPM's determination in its initial decision and did not address the issue of the timeliness of the appellant's reconsideration request.  IAF, Tab 7 at 1-2.  Additionally, all of the evidence the appellant provided with this response was already included in the record and was considered by the administrative judge and therefore is not new.  ID at 3-4; *compare* IAF, Tab 1 at 9-49, *with* Tab 7 at 3-37; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence submitted to, and considered by, an administrative judge does not meet the criteria of "new" evidence warranting review).  Accordingly, the appellant's substantive rights have not been prejudiced by any error by the administrative judge in this regard.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    *Gina K. Grippando*

                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.